

**null / ALL**
**Transmittal Number: 20430082**
**Date Processed: 09/23/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Traci Daniels vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-65990 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/23/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

CAUSE NO.  201965990

RECEIPT NO.                        0.00      CIV
          *********              TR # 73670951

| | |
|---|---|
| PLAINTIFF: DANIELS, TRACI | In The    165th |
| vs. | Judicial District Court |
| DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY | of Harris County, Texas |
| | 165TH DISTRICT COURT |
| | Houston, TX |

## CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE COMPANY (MASSACHUSETTS INSURANCE COMPANY)
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620   AUSTIN TX 78701 - 3218
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 12th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: KEYS, CHARLIE  CMA//11326667

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____· defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____

                              _____ of _____County, Texas

                              By _____
_____          _____
       Affiant                            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                                   Notary Public

N.INT.CITR.P                    *73670951*

**2019-65990 / Court: 165**

9/12/2019 10:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36743681
By: Charlie Tezeno
Filed: 9/12/2019 10:07 AM

CAUSE NO. _____

| | | |
|---|---|---|
| TRACI DANIELS, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND LARRY LOPEZ, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Traci Daniels, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Mutual Insurance Company ("Liberty") and Larry Lopez ("Lopez") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.    Plaintiff, Traci Daniels, resides in Harris County, Texas.

3.    Defendant, Liberty Mutual Insurance Company, is a Massachusetts insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Liberty, through its registered agent for service: **c/o Corporation Service Company, 211 East 7th Street, Suite 620 Austin Texas 78701-3218**. Plaintiff requests service at this time.

4.     Defendant Larry Lopez is an individual resident of Houston, Texas.  Lopez may be served
       with citation at the address listed with the Texas Department of Insurance: **10713 W. Sam
       Houston Pkwy N, Suite 650, Houston, Texas 77064-3577**.  Plaintiff requests service at
       this time.

## JURISDICTION

5.     The Court has jurisdiction over Liberty because this Defendant engages in the business of
       insurance in the State of Texas, and the causes of action arise out of Liberty's business
       activities in the state, including those in Harris County, Texas, with reference to this
       specific case.

6.     The Court has jurisdiction over Lopez because this Defendant engages in the business of
       adjusting insurance claims in the State of Texas, and the causes of action arise out of this
       Defendant's business activities in the State of Texas, including those in Harris County,
       Texas, with reference to this specific case.

### VENUE

7.     Venue is proper in Harris County, Texas because the insured property is located in Harris
       County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
       in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.     Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections
       541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.     Plaintiff owns a Liberty Mutual Insurance Company insurance policy, number
       H3729860236440 ("the Policy").   At all relevant times, Plaintiff owned the insured

premises located at **1715 Sandy Trail Court, Kingwood, Texas 77339** ("the Property").

10.   Liberty Mutual Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff.   Liberty Mutual Insurance Company represented to Plaintiff that the Policy included hail and windstorm. On or about May 26, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/Harris Texas area.

11.   In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Liberty against the Policy for damage to the Property.   Liberty assigned claim number HD900-038728443-01 to Plaintiff's claim.

12.   Plaintiff asked Liberty to cover the cost of damage to the Property pursuant to the Policy.

13.   Liberty hired or assigned its agent, Lopez, to inspect and adjust the claim. Lopez conducted an inspection on or about May 26, 2018.  Lopez's findings found no damage from a storm-related event. Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

14.   Liberty, through its agent, Lopez, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.   Liberty and Lopez have ultimately refused any coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found damage to the composite shingle roofing, gutters, and downspouts.

16.   The damage to Plaintiff's Property is currently estimated at $13,624.60.

17.   Lopez had a vested interest in undervaluing the claims assigned to him by Liberty in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Lopez.

18.   Furthermore, Lopez was aware of Plaintiff's deductible prior to inspecting the Property. Lopez had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19.   Lopez misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Lopez made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20.   After reviewing Plaintiff's Policy, Lopez misrepresented that the damage was caused by non-covered perils. Lopez used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21.   As stated above, Liberty and Lopez improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, Liberty and Lopez misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.   Liberty and Lopez made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Liberty and Lopez made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared

Lopez.

23.   Plaintiff relied on Liberty and Lopez's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.   Upon receipt of the inspection and estimate reports from Lopez, Liberty failed to assess the claim thoroughly. Based upon Lopez's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Liberty failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.   Because Liberty and Lopez failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26.   Furthermore, Liberty and Lopez failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Lopez performed an unreasonable and substandard inspection that allowed Liberty to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.   Liberty's and Lopez's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.   Liberty's and Lopez's conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE §541.060(a) (1). Liberty and Lopez have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Liberty and Lopez have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. Liberty's and Lopez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Liberty and Lopez failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

30. Additionally, after Liberty received statutory demand on or about 07/02/2019, Liberty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31. Liberty's and Lopez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Lopez performed a biased and intentionally substandard inspection designed to allow Liberty to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Liberty and Lopez performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Lopez's subpar inspection, Liberty failed to

reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34.     Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Lopez's intentional undervaluation of Plaintiff's claims, Liberty failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Lopez's understatement of the damage to the Property caused Liberty to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35.     Liberty and Lopez's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## LIBERTY MUTUAL INSURANCE COMPANY

36.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

37.     Liberty is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty and Plaintiff.

38.     Liberty's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

39.     Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
        Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are
        actionable by TEX. INS. CODE §541.151.

40.     Liberty's unfair settlement practice of misrepresenting to Plaintiff material facts relating to
        coverage constitutes an unfair method of competition and a deceptive act or practice in the
        business of insurance. TEX. INS. CODE §541.060(a) (1).

41.     Liberty's unfair settlement practice of failing to attempt in good faith to make a prompt,
        fair, and equitable settlement of the claim, even though Liberty's liability under the Policy
        was reasonably clear, constitutes an unfair method of competition and a deceptive act or
        practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42.     Liberty's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
        explanation of the basis in the Policy, in relation to the facts or applicable law, for
        underpayment and denial of the claim, constitutes an unfair method of competition and a
        deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

43.     Liberty's unfair settlement practice of refusing to pay Plaintiff's full claim without
        conducting a reasonable investigation constitutes an unfair method of competition and a
        deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

44.     Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt
        Payment of Claims. All violations made under this article are actionable under TEX. INS.

CODE §542.060.

45.     Liberty's delay in paying Plaintiff's claim following receipt of all items, statements, and
        forms reasonably requested and required, for longer than the amount of time provided,
        constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.     Liberty's conduct constitutes a breach of the common law duty of good faith and fair
        dealing owed to an insured in insurance contracts.

47.     Liberty's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,
        even though Liberty knew or should have known by the exercise of reasonable diligence
        that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
        dealing.

## DTPA VIOLATIONS

48.     Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
        and services provided by Liberty pursuant to the DTPA.  Plaintiff has met all conditions
        precedent to bring this cause of action against Liberty.  Specifically, Liberty's violations
        of the DTPA include, without limitation, the following matters:

        A.      By its acts, omissions, failures, and conduct, Liberty has violated sections
                17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Liberty's violations
                include, (1) unreasonable delays in the investigation, adjustment, and resolution of
                Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure
                to pay for the proper repair of Plaintiff's property when liability has become

reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Liberty represented to Plaintiff that the Policy and Liberty's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Liberty represented to Plaintiff that Liberty's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Liberty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      Liberty breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.      Liberty's actions are unconscionable in that Liberty took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Liberty's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.      Liberty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.     Each of the above-described acts, omissions, and failures of Liberty is a producing cause

of Plaintiff's damages.  All of Liberty's acts, omissions, and failures were committed

"knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**CAUSES OF ACTION AGAINST DEFENDANT LARRY LOPEZ**

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

50.     All allegations above are incorporated herein.

51.     Lopez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim

Settlement Practices Act.  TEX. INS. CODE §541.060(a).

52.     Lopez is individually liable for his unfair and deceptive acts, irrespective of the fact that

he was acting on behalf of Liberty, because Lopez is a "person," as defined by TEX. INS.

CODE §541.002(2).

53.     Lopez knowingly underestimated the amount of damage to the Property.  As such, Lopez

failed to adopt and implement reasonable standards for the investigation of the claim

arising under the Policy.  TEX. INS. CODE §542.003(3).

54.     Furthermore, Lopez did not attempt in good faith to affect a fair, prompt, and equitable

settlement of the claim.  TEX. INS. CODE §542.003(4).

55.     Lopez's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable

explanation of the basis in the Policy, in relation to the facts or applicable law, for partial

denial of the claim, also constitutes an unfair method of competition and an unfair and

deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

56.     Lopez's unfair settlement practice of failing to attempt in good faith to make a prompt, fair,

and equitable settlement of the claim, even though liability under the Policy was reasonably

clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

57.     All allegations above are incorporated herein.

58.     Lopez's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Lopez pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Lopez.  Specifically, Lopez's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Lopez has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Lopez's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Lopez represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Lopez represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Lopez's actions are unconscionable in that Lopez took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Lopez's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Lopez's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.   Each of Lopez's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.   All acts, omissions, and failures were committed "knowingly" and "intentionally" by Lopez, as defined by the Texas Deceptive Trade Practices Act.   TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

61.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

62.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

63.    Plaintiff currently estimates that actual damages to the Property under the Policy are $13,624.60.

64.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

65.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

66.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68.    For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Liberty owed, exemplary damages, and damages for emotional distress.

69. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

72.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

73.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Liberty Mutual Insurance Company and Larry Lopez, be cited and served to appear, and that upon trial hereof, Plaintiff, Traci Daniels, recovers from Defendants, Liberty Mutual Insurance Company and Larry Lopez such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF