IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACI DANIELS | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:19-cv-04153 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and LARRY LOPEZ | § | (JURY) |
| | § | |
| Defendants. | § | |

**DEFENDANT'S DESIGNATION OF EXPERT WITNESSES**

To: Plaintiff, Traci Daniels, by and through her attorneys of record, Chad T. Wilson and Tara Peveto, CHAD T. WILSON LAW FIRM PLLC, 455 East Medical Center Blvd., Suite 555, Webster, Texas 77598.

COMES NOW, Defendant, Liberty Insurance Corporation (incorrectly named "Liberty Mutual Insurance Company") ("Defendant") and in accordance with the Court's Scheduling Order serves this Designation of Expert Witnesses:

**I.**
**<u>Retained Testifying Experts</u>**

Defendant may call the following as retained testifying experts at the trial of this case:

**1. Darrell Edwards**
Mission Restoration, Inc.
2302 Chestnut Oak Place
The Woodlands, Texas 77380
(281) 615-0713
doedwards@doedwards.com

Mr. Darrell Edwards is a contractor and independent appraiser who is anticipated to offer testimony regarding his educational background, skills, knowledge, training and experience, any licenses, registrations and certifications earned and/or held by him.

Mr. Edwards will further testify as to: the physical inspection(s) conducted of the Plaintiff's premises; the observations made of said premises; the damages (if any) noted

outside and within the Plaintiff's premises; whether the damages claimed (if any) can be attributed to storm-related forces; the estimated costs for repair and/or replacement of any storm-related damages; the industry standards for adjusting an alleged loss of this nature; the general industry guidelines used for pricing of repair work for a loss such as the one alleged by the Plaintiff; his opinions related to the foregoing observations, opinions and causation; his review of the Plaintiff's damage expert/public adjuster's report(s) (if any) and its conclusions; and related matters. Mr. Edwards may supplement his opinions as he receives additional information. Mr. Edwards will be made available for deposition upon request regarding the expert opinions about which he may testify at the time of trial.

It is anticipated that Mr. Edwards will have reviewed Plaintiff's discovery responses and document production, photographs taken of the premises, Plaintiff's damages report from their expert, Defendant's discovery responses and document production, deposition testimony taken of Plaintiff and other fact or expert witnesses (if any), and other relevant standards, treatises and guidelines, as which may assist him in the formation of his opinions.

Mr. Edwards inspected the property. His opinions are contained in his expert report, estimates and attachments, dated September 11, 2019, being produced herewith as Bates labeled documents LMFIRE-DANIELS 000594-000768. It is anticipated that Mr. Edwards will offer rebuttal testimony to any reports prepared by Plaintiff's designated experts and their testimony. Mr. Edwards' curriculum vitae is being produced herein as LMFIRE-DANIELS 000769-000770. A list of cases in which he testified is being produced as LMFIRE-DANIELS 000771. His rate sheet is being produced herewith as LMFIRE-DANIELS 000772. Defendant reserves the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

**2.** **John H. Andres**
Gulf Coast Claims Service
11505 Chimney Rock Road
Houston, Texas 77035
(713) 723-9434
John.Andres@gulfcoastclaims.com

Mr. Andres is a licensed Executive General Adjuster and Claims Manager in the State of Texas as well as a Chartered Property Casualty Underwriter (CPCU), Associate in Claims (AIC) and Registered Professional Adjuster (RPA). It is anticipated he will offer testimony regarding his educational background, his work experience, and the licenses and certifications earned and/or held by him.

Mr. Andres has been retained by Defendant and is expected to testify with respect to Plaintiff's bad faith claims and insurance code violation allegations, insurance industry standards for claims investigations, and Defendant's compliance with the applicable policy provisions with respect to its investigation, handling, and adjustment of Plaintiff's claim made the basis of this lawsuit. Mr. Andres is expected to testify that Defendant did

not act in bad faith, did not violate the Texas Insurance Code, did not violate insurance industry standards for claims investigations, and did comply with applicable policy provisions in its investigation, handling and adjustment of Plaintiff's claim made the basis of this lawsuit.

Mr. Andres will also offer rebuttal testimony to Plaintiff's experts' opinions concerning the allegations that Defendant committed bad faith by failing to perform a reasonable investigation of Plaintiff's claim, that it violated the Texas Insurance Code, and any other subject areas brought up by Plaintiff's experts during discovery.

Mr. Andres will have reviewed the claim file, policy documents, Original and any amended Petitions, Plaintiff's discovery responses and document production, photographs taken of the property, Plaintiff's damages report, Defendant's discovery responses and document production, deposition testimony taken of Plaintiff and other fact or expert witnesses (if any), and other relevant standards, treatises and guidelines, as which may assist him in the formation of his opinions.

Mr. Andres' opinions are contained in his expert report, dated September 28, 2020, being produced herewith as Bates labeled documents LMFIRE-DANIELS 000773-000775. His curriculum vitae is being produced herein as LMFIRE-DANIELS 000776. Mr. Andres may supplement his opinions as he receives additional information. Mr. Andres will be made available for deposition upon request regarding the expert opinions he may testify to at the time of trial. Defendant reserves the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

Mr. Andres has no expert deposition or trial testimony in the last five years. Mr. Andres' fee schedule is being produced as LMFIRE-DANIELS 000777-000778.

## II.
## Non-Retained Experts

The following witnesses and/or persons have not been retained by the Defendant. These witnesses may provide one or more opinions that constitute admissible expert testimony under the Federal Rules of Evidence as determined by the Court. However, by this designation, Defendant is not waiving its right to object to and/or challenge any of the opinions and/or testimony of any of these witnesses on the grounds that said opinions and/or testimony are otherwise inadmissible under the Federal Rules of Evidence or any other applicable law.

1. **Richard A. Sheehy**
SHEEHY, WARE & PAPPAS, PC
Two Houston Center
909 Fannin, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

Mr. Sheehy is an attorney, licensed in the State of Texas, who has practiced law for over thirty years. It is anticipated that Mr. Sheehy will testify as to his educational background and work experience. He will also offer testimony as to the various professional organizations and bar associations of which he is a member.

Mr. Sheehy will further testify as to: his review of Plaintiff's counsel's claimed attorney's fees and expenses related to their handling of this case; his review of the attorney's fees and expenses claimed for any appeal of the verdict reached in the trial court; reasonable and customary attorney's fees and expenses for handling the type of claim asserted by Plaintiff and her counsel; and related matters. Mr. Sheehy is expected to opine that Plaintiff's attorney's fees are excessive and not reasonable.

Mr. Sheehy has reviewed or will review the pleadings and discovery responses filed to date, the document production of all parties, depositions taken in this case, any pre-trial motions and other documents filed in this case, and any fee statements or accounting documents reflecting the time spent prosecuting this case.

Mr. Sheehy's opinions will be based upon his experience handling similar cases for over 30 years as well as his training and education. His opinions will be based largely upon an analysis of the facts set forth in *Arthur Anderson v. Perry Equip. Corp.*, 945 S.W. 2d 812 (Tex. 1997) and Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct.

Among the information he intends to consider in analyzing these factors is the survey data published by the State Bar of Texas concerning median hourly rates charged by lawyers based upon a variety of criteria including location, years of practice, type of practice, and size of firm.

Mr. Sheehy will also review the filings that have occurred to date which are on file with the Court Clerk.

Mr. Sheehy has not prepared a report as Plaintiff did not produce one for her attorney fee experts. His credentials are available at:
https://www.sheehyware.com/attorney/richard-a-sheehy/#credentials.

**2.** **Larry Lopez**
c/o J. Mark Kressenberg
JKressenberg@sheehyware.com
Jonathan R. Peirce
JPeirce@sheehyware.com
SHEEHY, WARE & PAPPAS, P .C.
Two Houston Center 909 Fannin, Suite 2500
Houston, Texas 77010-1003
Inspected the property.

**3.** **Corporate Representative**
**Liberty Insurance Corporation**
c/o J. Mark Kressenberg
JKressenberg@sheehyware.com
Jonathan R. Peirce
JPeirce@sheehyware.com
SHEEHY, WARE & PAPPAS, P .C.
Two Houston Center 909 Fannin, Suite 2500
Houston, Texas 77010-1003
Assisted with the adjustment of Plaintiff's claim.

## Designation by Reference

Further, Defendant designates any other witness identified by Plaintiff or any other party to this cause in answers to Interrogatories or in their designations of fact and expert witnesses.

Further, Defendant reserves the right to call all custodians of records who have authenticated or otherwise furnished records pertaining to the claim made the basis of this lawsuit and/or of the Plaintiff.

Additionally, there may be other individuals that may become identified through any subsequent reports or through any of the subsequent investigations conducted by the parties to this litigation, all of whom Defendant reserves the right to call as expert witnesses in this litigation.

Defendant may also call as expert witnesses in this case any person who is identified as a person with knowledge of relevant facts and who is qualified by knowledge, skill, experience, training, or education to testify about scientific, technical, or other specialized knowledge that

would assist the trier of fact to understand the evidence or to determine a fact in issue in this case.

**III.**
**<u>Right to Examine or Cross-Examine</u>**

Defendant reserves the right to cross-examine, elicit testimony from and/or call as an expert witness, live or by deposition, any of the experts designated by Plaintiff or any other Defendant in this case.

Defendant reserves the right to elicit testimony from, cross-examine and/or use any expert testimony or lay opinion testimony that would assist the jury in determining material issues of fact to the extent that same are considered expert opinions and/or testimony in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

**IV.**
**<u>Right to Call Adverse Witness</u>**

Defendant may call, as adverse witnesses, all experts designated by any party to this case, even if the designating party is not a party to the case at the time of trial. In the event a present or future party designates an expert but then is dismissed or fails to call any designated expert, Defendant reserves the right to call any such expert as an adverse witness. In addition, Defendant reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated and/or called by other parties to this case, including Plaintiff's designated experts. Notwithstanding such reservation however, Defendant does not concede or admit the admissibility of any such testimony with respect to the qualifications of the witness, and/or the evidentiary basis of any such testimony with respect to scientific reliability and/or relevance.

Defendant reserves the right to call to testify, as an adverse witness, any and all representatives of Plaintiff.

**V.**
**Right to Withdraw**

Defendant reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate the same as a consulting expert, who cannot be called by opposing counsel.

**VI.**
**Right to Substitute**

Defendant reserves the right to substitute any expert witness disclosed herein with a witness or witnesses of similar education, training, background and opinions, should such substitution be necessary by reason of the scheduling of the trial of the case, the health of any expert witness disclosed herein, other professional commitments of any expert witness disclosed herein, or any other matter requiring substitution.

**VII.**
**Right to Rebuttal Witnesses**

Defendant reserves the right to call undesignated expert witnesses in rebuttal, if necessary, whose identities and testimony cannot be reasonably foreseen until all other parties to this suit have designated witnesses and/or presented evidence at trial.

**VIII.**
**Right to Supplement or Amend**

Defendant reserves the right to supplement or amend this response within the time limits imposed by the Court or any alterations of same by subsequent court order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Civil Evidence. Specifically, Defendant reserves the right to supplement these responses should Plaintiff designate experts or provide discovery responses which would require Defendant to supplement this designation to avoid unfair prejudice at trial.

**IX.**
**Additional Rights**

Defendant reserves any and all additional rights it may have with regard to expert witnesses and testimony under the Federal Rules of Civil Procedure, the Federal Rules of Civil Evidence, case law and rulings of this Honorable Court.

**SHEEHY, WARE & PAPPAS, P.C.**

By: */s/ J. Mark Kressenberg*
J. Mark Kressenberg, Attorney in Charge
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Jonathan R. Peirce
JPeirce@sheehyware.com
Fed. Adm. No. 2303246
Texas State Bar No. 24088836
909 Fannin Street
Two Houston Center, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANTS LIBERTY INSURANCE CORPORATION AND LISA LEVY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-mail and facsimile in accordance with the Federal Rules of Civil Procedure on this the 5th day of October 2020, to the following counsel of record:

**Via email and e-filing**
Chad T. Wilson
Tara Peveto
eservice@cwilsonlaw.com
CHAD T WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
832-415-1432 Telephone
281-940-2137 Telecopier

/s/ *Jonathan R. Peirce*
Jonathan R. Peirce

3957138