IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACI DANIELS | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:19-cv-04153 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and LARRY LOPEZ | § | (JURY) |
| | § | |
| Defendants. | § | |

**DEFENDANT'S EXPERT DESIGNATIONS**

Defendants Liberty Insurance Corporation *incorrectly sued as Liberty Mutual Insurance Company* and Larry Lopez ("Defendant") file this Designation of Expert Witnesses in accordance with this Court's Scheduling Order and Federal Rule of Civil Procedure 26. Defendants designate the following experts:

**I.**

**Retained Testifying Experts**

Defendants may call the following as a retained testifying expert at the trial of this case:

1. Darrell Edwards
   Mission Restoration, Inc.
   7 Switchbud Place
   Suite 192322
   The Woodlands, Texas 77380
   281-615-0713

   Mr. Darrell Edwards is a professional contractor, adjuster and appraiser. He is expected to testify regarding the condition/state of Plaintiff's property based upon his inspection and his review of records regarding inspections of Plaintiff's property. Mr. Edwards is expected to testify as to observed damages and recommended repairs or replacements and the costs thereof. Mr. Edwards is expected to testify as to the cause of damages to Plaintiff's property and whether such damages were caused from the event on the alleged date of loss and whether the cause of damages are covered and or excluded from

coverage in accordance with the policy of insurance. Mr. Edwards is expected to rely on weather data and measurements and information and calculations performed or obtained to render some of his opinions regarding Plaintiff's damages and the storm event on the alleged date of loss and other storm events that may have caused damage to Plaintiff's property. Mr. Edwards may also offer testimony regarding the investigation and inspection conducted by others as it relates to any damages to Plaintiff's property and the cause of such alleged damages. Mr. Edwards' opinions are also based on his review of discovery responses and document production by Plaintiff and Defendants including but not limited to damage reports, estimates and photos, including but not limited to Plaintiff's engineer, public adjuster, contractors and experts, deposition testimony taken in this lawsuit, pleadings, and other relevant standards, treatises and guidelines which may assist him in the formation of his opinions and any other relevant issue in this matter. Mr. Edwards may offer testimony in rebuttal to any and all competing experts presented by any other party to this matter in relation to damages, causation, coverage and other the issues in this lawsuit. This description is not intended to limit the scope of Mr. Edwards' testimony.

Mr. Edwards' opinions will also be based on his educational background, skills, knowledge, training and experience, any licenses, registrations and certifications earned and/or held by him, his review of applicable industry literature, published treatises, periodicals, pamphlets and the facts and date made known to him before and during trial.

Mr. Edwards' opinions are contained in his expert report, estimates and attachments, dated September 11, 2019, previously produced under bated label LMFIRE-DANIELS 594-768. Mr. Edwards' CV has been previously produced under bated label LMFIRE-DANIELS 769-772 along with a list of cases in which he testified. Mr. Edwards may supplement his opinions as he receives additional information. Mr. Edwards will be made available for deposition upon request regarding the expert opinions he may testify to at the time of trial. Defendants reserve the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

2. Mr. John H. Andres
Gulf Coast Claims Service
11505 Chimney Rock Road
Houston, Texas 77035
(713) 723-9434

Mr. Andres is a licensed Executive General Adjuster and Claims Manager in the State of Texas as well as a Chartered Property Casualty Underwriter (CPCU), Associate in Claims (AIC) and Registered Professional Adjuster (RPA).

It is anticipated he will offer testimony regarding his educational background, his work experience, and the licenses and certifications earned and/or held by him.

Mr. Andres has been retained by Defendants and is expected to testify with respect to Plaintiff's bad faith claims, insurance code violation allegations, insurance industry standards for claims investigations, Defendants' compliance with the applicable policy provisions with respect to its investigation, handling, and adjustment of Plaintiff's claim made the basis of this lawsuit. Mr. Andres will also offer rebuttal testimony to Plaintiff's experts' opinions concerning the allegations that Defendants committed bad faith by failing to perform a reasonable investigation of Plaintiff's claim, that it violated the Texas Insurance Code, and any other subject areas brought up by Plaintiff's experts during discovery.

Mr. Andres will have reviewed the claim file, policy documents, Original and Amended Petitions, any Written Discovery, Estimate and Photos, and Defendants' inspection reports. Mr. Andres will review any deposition testimony taken before the trial of this matter any additional document production by any party, and any additional relevant standards, treatises and/or codes which may assist him in the formation of additional opinions and rebuttal testimony. This description is not intended to limit the scope of Mr. Andres' testimony.

Mr. Andres' expert report and CV have been previously produced under bated label LMFIRE-DANIELS 773-778. He has been, or will be, provided with the deposition transcripts available in this case, the pleadings of the parties, the discovery responses, and the document production from both parties. Mr. Andres may supplement his opinions as he receives additional information. Mr. Andres will be made available for deposition upon request regarding the expert opinions he may testify to at the time of trial. Defendants reserve the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

**II.**

**Non-Retained Testifying Experts**

The following witnesses and/or persons have not been retained by the Defendants. These witnesses may provide one or more opinions that constitute admissible expert testimony under the Federal Rules of Evidence as determined by the Court. However, by this designation, Defendants are not waiving their right to object to and/or challenge any of the opinions and/or testimony of any of these witnesses on the grounds that said opinions and/or testimony are otherwise inadmissible under the Federal Rules of Evidence or any other applicable law.

3. Larry Lopez
Field Adjuster
c/o J . Mark Kressenberg
Edward C. Kiss

SHEEHY, WARE & PAPPAS, P .C.
Two Houston Center 909 Fannin, Suite 2500
Houston, Texas 77010-1003
713-951-1000

Larry Lopez inspected Plaintiff's property and prepared an estimate(s) and or report(s) and prepared photographs with commentaries concerning his inspection and opinions which have been produced. He will further testify regarding the reasonableness of his inspection and inclusions of all covered items in their estimate(s).

Larry Lopez is a professional adjuster and appraiser, who is anticipated to offer testimony regarding his educational background, work experience, and any licenses, registrations and certifications earned and/or held by him. He will testify regarding the inspection of Plaintiff's property and what items of damage, if any, were identified that were caused from the storm event on the date of loss as opposed to other causes. He may testify as to Defendants' proper claim handling of this claim including whether the cause(s) of Plaintiff's damages are covered or excluded based on the terms of the policy of insurance. He may also testify regarding the estimates of repairs performed on behalf of Defendants and how those figures were arrived at.

Larry Lopez will further testify regarding the reasonableness of Defendants' inspection and the inclusion of all covered items in Defendants' estimate(s); whether the damages claimed (if any) can be attributed to the alleged cause of loss; and the adjustment of Plaintiff's claim as reflected in each of the estimates/reports/photographs. He may offer testimony in rebuttal to any and all competing experts presented by any other party to this matter in relation to the issues in this lawsuit. This description is not intended to limit the scope of his testimony. Larry Lopez's damage report(s), estimate(s) and photos, if any, that form the basis of his opinions have been produced to Plaintiff. Defendants reserve the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

4. Corporate Representative
c/o J. Mark Kressenberg
Edward C. Kiss
SHEEHY, WARE & PAPPAS, P .C.
Two Houston Center 909 Fannin, Suite 2500
Houston, Texas 77010-1003
713-951-1000

A corporate representative will testify in connection with Plaintiff's extra-contractual claims including Defendants' claim handling activities, reasonable claim handling standards and that Defendants properly inspected and notified Plaintiff of the results of the investigation of the claim. A corporate representative will discuss Defendants' proper handling of the claim from the time of the initial notice of the claim to its resolution and payment, including that Defendants' handling of the entire claim was reasonable and not in violation of applicable standards.

A corporate representative is anticipated to offer testimony regarding her educational background, work experience, and any licenses, registrations and certifications earned and/or held by her. A corporate representative will testify regarding the inspections of Plaintiff's property and what items of damage, if any, were identified that were caused from the storm event on the date of loss as opposed to other causes in accordance with Defendants' investigation of the claim. A corporate representative may testify as to Defendants' proper claim handling of this claim including whether the cause(s) of Plaintiff's damages are covered or excluded based on the terms of the policy of insurance.

A corporate representative may offer testimony in rebuttal to any and all competing experts presented by any other party to this matter in relation to the issues in this lawsuit. This description is not intended to limit the scope of her testimony. A corporate representative will rely upon the Defendants' claim files and other documents produced in discovery and will be provided in the future access to all deposition testimony, the records that have been obtained through written discovery, depositions, depositions on written questions, and records produced in accordance with the depositions on written questions. This expert is retained by, employed by, or otherwise subject to the control of Defendants. The proposed corporate representative does not maintain a resume, but her qualifications and background will be provided. Defendants reserve the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

5. Jeff Hoffman
   P.O. 17514
   Sugar Land, Texas 77496
   281-728-8467

   Mr. Hoffman is an attorney, licensed in the State of Texas, who has practiced for over thirty years. It is anticipated that Mr. Hoffman will testify as to his educational background and work experience. He will also offer testimony as to the various professional organizations and bar associations, of which he is a member.

   Mr. Hoffman will further testify as to: his review of the Plaintiff's counsel's claimed attorney's fees and expenses related to their handling of this case; his review of the attorney's fees and expenses claimed for any appeal of the verdict reached in the trial court; reasonable and customary attorney's fees and expenses for handling the type of claim asserted by Plaintiff and their counsel, and related matters. Mr. Hoffman is expected to opine that Plaintiff's attorney's fees are excessive and not reasonable.

   Mr. Hoffman has reviewed or will review the pleadings and discovery responses filed to date, the document production of all parties, depositions taken in this case, any pre-trial motions and other documents filed in this case, and any fee statements or accounting documents reflecting the time spent prosecuting this case.

Mr. Hoffman's opinions will be based upon his experience handling similar cases for over 30 years as well as his training and education. His opinions will be based largely upon an analysis of the facts set forth in *Arthur Anderson v. Perry Equip. Corp.*, 945 S.W. 2d 812 (Tex. 1997) and Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct.

Among the information he intends to consider in analyzing these factors is the survey data published by the State Bar of Texas concerning median hourly rates charged by lawyers based upon a variety of criteria including location, years of practice, type of practice, and size of firm.

Mr. Hoffman will also review the filings that have occurred to date which are on file with the Court Clerk.

Mr. Hoffman has not prepared a report as Plaintiff did not produce one for his attorney fee experts.

**III.**

**Designation by Reference**

Further, Defendants designate any other witness identified by Plaintiff or any other party to this cause in answers to Interrogatories or in Plaintiff's designations of fact and expert witnesses.

Further, Defendants reserve the right to call all custodians of records who have authenticated or otherwise furnished records pertaining to the claims made the basis of this lawsuit and/or of the Plaintiff.

Additionally, there may be other individuals that may become identified through any subsequent reports or through any of the subsequent investigations conducted by the parties to this litigation, all of whom Defendants reserve the right to call as expert witnesses in this litigation.

Defendants may also call as expert witnesses in this case any person who is identified as a person with knowledge of relevant facts and who is qualified by knowledge, skill, experience, training, or education to testify about scientific, technical, or other specialized knowledge that

would assist the trier of fact to understand the evidence or to determine a fact in issue in this case.

**IV.**

**<u>Right to Examine or Cross-Examine</u>**

Defendants reserve the right to cross-examine, elicit testimony from and/or call as an expert witness, live or by deposition, any of the experts designated by Plaintiff or any other party in this case.

Defendants reserve the right to elicit testimony from, cross-examine and/or use any expert testimony or lay opinion testimony that would assist the jury in determining material issues of fact to the extent that same are considered expert opinions and/or testimony in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

**V.**

**<u>Right to Call Adverse Witness</u>**

Defendants may call, as adverse witnesses, all experts designated by any party to this case, even if the designating party is not a party to the case at the time of trial. In the event a present or future party designates an expert but then is dismissed or fails to call any designated expert, Defendants reserve the right to call any such expert as an adverse witness. In addition, Defendants reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated and/or called by other parties to this case, including Plaintiff's designated experts. Notwithstanding such reservation however, Defendants do not concede or admit the admissibility of any such testimony with respect to the qualifications of the witness, and/or the evidentiary basis of any such testimony with respect to scientific reliability and/or relevance.

Defendants reserve the right to call to testify, as an adverse witness, any and all representatives of Plaintiff.

**VI.**

**Right to Withdraw**

Defendants reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate the same as a consulting expert, who cannot be called by opposing counsel.

**VII.**

**Right to Substitute**

Defendants reserve the right to substitute any expert witness disclosed herein with a witness or witnesses of similar education, training, background and opinions, should such substitution be necessary by reason of the scheduling of the trial of the case, the health of any expert witness disclosed herein, other professional commitments of any expert witness disclosed herein, or any other matter requiring substitution.

**VIII.**

**Right to Rebuttal Witnesses**

Defendants reserve the right to call undesignated expert witnesses in rebuttal, if necessary, whose identities and testimony cannot be reasonably foreseen until all other parties to this suit have designated witnesses and/or presented evidence at trial.

**IX.**

**Right to Supplement or Amend**

Defendants reserve the right to supplement or amend this response within the time limits imposed by the Court or any alterations of same by subsequent court order or agreement of the

parties, or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Civil Evidence. Specifically, Defendants reserve the right to supplement these responses should Plaintiff designate experts or provide discovery responses which would require Defendants to supplement this designation to avoid unfair prejudice at trial.

**X.**

**Additional Rights**

Defendants reserve any and all additional rights it may have with regard to expert witnesses and testimony under the Federal Rules of Civil Procedure, the Federal Rules of Civil Evidence, case law and rulings of this Honorable Court.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: /s/ *J. Mark Kressenberg*
J. Mark Kressenberg
Fed. Bar No. 7793
Texas State Bar No. 11725900
Edward C. Kiss
Fed. Bar No. 1099641
Texas State Bar No. 24064284
909 Fannin Street
Two Houston Center
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier
**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded in accordance with the Federal Rules of Civil Procedure on October 9, 2020, the following counsel of record:

Chad T. Wilson
Tara Peveto
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
281-940-2137 – Facsimile
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

/s/ J. Mark Kressenberg
J. Mark Kressenberg